UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | Case No: 06 B 13827 |
| Betty Wizorek | ) | |
| | ) | Honorable Bruce W. Black |
| Debtor, | ) | |
| | ) | |

**Findings of Fact and Conclusions of Law in Support of Order Awarding to Grochocinski, Grochocinski & Lloyd, Ltd., Attorneys for Trustee, for Allowance and Payment Compensation and Reimbursement of Expenses.**

| | | | | |
|---|---|---|---|---|
| Total Fees Requested: | $ 3765.00 | | Total Costs Requested: | $ 33.73 |
| Fees Disallowed: | $ 875.00 | | Costs Disallowed: | $ 0.00 |
| Total Fees Allowed: | $ 2890.00 | | Total Costs Allowed: | $ 33.73 |

**Total Fees and Costs Allowed:**     $ 2,923.73

THE COURT HAS IDENTIFIED THE NOTED TIME AND EXPENSE ENTRIES THAT
HAVE BEEN DISALLOWED IN WHOLE OR IN PART

**(1)    Unreasonable Time**

The Court denies the allowance in part of compensation for the following task because the professional or paraprofessional expended an unreasonable amount of time on this task in light of the nature of the task, the experience and knowledge of the professional performing the task, and the amount of time previously expended by the professional or another on the task. *In re Pettibone,* 74 B.R. 293, 306 (Bankr. N.D. Ill. 1987) ("The Court will determine what is the reasonable amount of time an attorney should have to spend on a given project...An attorney should not be rewarded for inefficiency. Similarly, attorneys will not be fully compensated for spending an unreasonable number of hours on activities of little benefit to the estate." *In re Wildman,* 72 B.R. 700, 713 (Bankr. N.D. Ill. 1987):

Overcharge for court appearances for routine motions (.3 allowable)          $   70.00

**(2)    Trustee Work Can Not Be Compensated As Professional Services**

"The Trustee cannot effectively expand the maximum limits of Section 326(a) by hiring other people to perform his duties for him, whether they are paralegals, attorneys, accountants or other professional persons, and utilize the potentially unlimited scope of Section 330 as a basis for award of reasonable compensation." *Boldt v. United States Trustee (In re Jenkins),* 130 F.3d 1335, 1341 (9th Cir. 1997) (quoting *In re Prairie Cent. Ry. Co.,* 87 B.R. 952, 959 (Bankr. N.D. Ill. 1988):

Preparation and court appearance for motion to employ attorney      $ 490.00
Instruction to staff to file asset notice                            $  70.00

**(3)   No Benefit to the Estate**

The court denies requests for fees relating to services that do not benefit the estate or that are not necessary to the administration of the case. 11 U.S.C. ß 330(a)(4)(A). An attorney's internal work to determine whether the attorney's firm satisfies the disinterestedness requirement of section 327 of the Bankruptcy Code does not provide benefit to the estate and is not compensable.

Appearance in court and letter to Debtor's attorney
  three months prior to case filing.                                 $ 245.00

**Grochocinski, Grochocinski & Lloyd, Ltd.** is hereby awarded an allowance of compensation and expenses as set forth above.

Dated: 17 SEP 2010            Entered:

_____
Bruce W. Black
United States Bankruptcy Court